Bassil A. Hamideh (SBN 261233)
Jordan A. Gonzales (SBN 286730)
**THE HAMIDEH FIRM, P.C.**
9465 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212
Tel: (310) 207-8088
Fax: (310) 733-5699
Email: bhamideh@hamidehfirm.com
Email: jgonzales@hamidehfirm.com

*Attorneys for Plaintiff*
*RAMON BARRY*

**DLA PIPER LLP (US)**
Tanya L. Greene (SBN 267975)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067
Tel: (310) 595-3000
Fax: (310) 595-3300
Email: tanya.greene@us.dlapiper.com

Norman M. Leon (pro hac vice)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: (312) 368-2192
Fax: (312) 630-6322
Email: norman.leon@us.dlapiper.com

*Attorneys for Defendant*
*HILTON MANAGEMENT LLC.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RAMON BARRY, individually,<br><br>Plaintiff,<br><br>v.<br><br>HILTON MANAGEMENT LLC, et al.,<br><br>Defendants. | CASE NO. 2:25-cv-1990 DSF-MBK<br><br>**DISCOVERY MATTER - STIPULATED AND [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>State Action Filed: February 10, 2025<br>Removal Date:  March 6, 2025<br>Trial Date:  September 15, 2026 |

Plaintiff Ramon Barry ("Plaintiff") and Defendant Hilton Management LLC ("Hilton," together with Plaintiff, the "Parties"), by and through their respective counsel of record, hereby stipulate, agree, and jointly request as follows:

## 1. **GENERAL**

1.1    <u>Purposes and Limitations.</u> Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. **GOOD CAUSE STATEMENT**

This action is likely to involve valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such private, confidential, and/or proprietary materials and information consist of, among other things, employees' personally identifiable information, compensation, performance records, and personnel files, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are

permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and nothing being so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.  ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE**

The Parties further acknowledge, as set forth in Section 14.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**4.  DEFINITIONS**

4.1.    **Action**: This pending federal lawsuit.

4.2.    **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3.    **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4.    **Counsel**: Outside Counsel of Record and House Counsel (as well as their support staff).

4.5.    **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

4.6.    **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.7.    **"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items**: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create substantial risk of serious harm that could not be avoided by less restrictive means and that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.8.    **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.9.    **House Counsel**: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10.    **Non-Party**: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.11.    **Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.12.    **Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13.    **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14. **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.15. **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL " or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

4.16. **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**5. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

**6. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 7. DESIGNATING PROTECTED MATERIAL

7.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a.    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "<u>HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY</u>" (hereinafter "HIGHLY

CONFIDENTIAL legend"), to each page that contains protected material or, if the document file type does not permit a page by page designation, the applicable legend shall be stated in the title of the document. If only a portion of the material on a page qualifies for protection, the Producing Party also must make reasonable efforts to clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.     for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

c.     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the

Producing Party, to the extent practicable, shall identify the protected portion(s). Such designation will, without more, subject the information produced or provided under said designation to the provisions of this Order.

7.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If a Party inadvertently produces Protected Material without an appropriate designation, the Producing Party shall give written notice of such inadvertent production to the Receiving Party within twenty (20) days of discovering the inadvertent production. The Producing Party shall also give the Receiving Party an appropriately designated copy of the Protected Material. Upon receiving notice of the inadvertent production, the Receiving Party shall promptly return or confirm deletion of the inadvertently produced Protected Materials, along with all copies of such Protected Material, and shall retain only the appropriately designated copy of the Protected Material.

## 8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1 Non-Waiver of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. A Party does not automatically waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. However, the Designating Party may point to delay in challenging a confidentiality designation as evidence of waiver.

8.2    Timing of Challenges and Responses. In the event that counsel for a Party receiving documents, testimony, or information in discovery designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" objects to such designation(s) with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections,

the specific documents, testimony, or information to which each objection pertains and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have fourteen (14) days from receipt of the written Designation Objections to agree in writing to de-designate documents, testimony, or information pursuant to any or all of the Designation Objections. Should the Designating Party stand on its designation, the Party that received the documents, testimony, and/or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall have twenty-one (21) days from the date Designating Party confirms it is standing on its designation(s) to file a motion with the Court seeking to de-designate any or all designations on documents, testimony, or information addressed by the Designation Objections (the "Designation Motion").

8.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. Any motion challenging a party's designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or seeking to modify or amend the Proposed Protective must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

## 9. ACCESS TO AND USE OF PROTECTED MATERIAL

9.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2    Maintaining Security of CONFIDENTIAL Information or Items. The Receiving Party shall immediately notify the Producing Party if produced Confidential Materials are subject to a "Security Breach," which means any suspected or actual unauthorized access, use, or disclosure. The Receiving Party subject to a Security Breach will, at its own expense, promptly investigate the cause and scope of the Security Breach, preserve relevant evidence in a forensically-sound manner, and cooperate at its own expense in every reasonable way to help mitigate potential misuse or further unauthorized use or disclosure of the CONFIDENTIAL or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items. If requested by the Producing Party, the Receiving Party shall provide any legally required notifications and protection services to individuals whose CONFIDENTIAL or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items were involved in the Security Breach, as well as to regulators, government authorities, consumer reporting agencies, and media. The Receiving Party shall not provide any such notifications unless the contents of the communications are reviewed and approved by the Producing Party. The Receiving Party shall be solely responsible for all costs and expenses associated with investigating, notifying, mitigating the effects of, and remediating any Security Breach. The Parties shall not disclose CONFIDENTIAL or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to any third party, except as expressly set forth herein.

9.3    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.    attorneys engaged by the Receiving Party's Outside Counsel of Record in this Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c.    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

d.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

e.    the court and its personnel;

f.    court reporters and their staff;

g.    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

h.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

i.    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they

will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

j.      any mediator or settlement officer and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9.4    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to:

a.      the Receiving Party's Outside Counsel of Record in this action;

b.      attorneys engaged by the Receiving Party's Outside Counsel of Record in this Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

c.      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2) below, have been followed;

d.      the Court and its personnel;

e.      Professional Vendors and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

f.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

9.5   <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items for Experts.</u>

a.   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that wishes to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) must first make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity form whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years[1] and (6) identifies (by name and number for the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, testimony at a deposition or trial, during the preceding five years.[2]

b.   A Party that makes a request and provides the information specified in the preceding respective paragraph may disclose the subject Protected Material to

---

[1]   If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[2]   It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

c.    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 37-1 through 37-4, seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Materials to its Expert.

**10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "<u>HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY</u>" that Party must:

a.    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

a.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party, if requested.

c.      If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12.    UNAUTHORIZED    DISCLOSURE    OF    PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A.

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Inadvertent production of a document or other information subject to a claim of privilege or attorney work product will not waive the privilege or the attorney work product doctrine. If a Producing Party produces any material that the Producing Party thereafter claims to be privileged or protected, the Producing Party will give notice thereof to the Receiving Party in writing. Within five days, the material in question (and all notes and work product quoting, referring or relating thereto) will then be returned to the Producing Party or destroyed, and the Receiving Party will certify that any and all copies have been retrieved and returned or destroyed. If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information. The Receiving Party upon receiving a privilege log identifying the document remains free to challenge any claim of privilege or protection but shall not make any claim that the production of the document caused a waiver of any privilege or protection. Moreover, absent a ruling that the document, data, or information at issue is not privileged or protected, a Receiving Party may not disclose nor make any use whatsoever of the information disclosed in or derived from the document or information at issue. If a Party or counsel for a Party receives a document or other information that appears on its face to be inadvertently produced and subject to a claim of privilege or attorney work product, counsel for the Receiving Party will (i) inform counsel for the Producing Party promptly after becoming aware of the disclosure; (ii) promptly return or destroy the document or other information and all copies thereof; and (iii) promptly destroy all notes and other documents containing any reference to, or use of, the

inadvertently produced information. When a Designating Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the Parties shall abide by the obligations set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**14.    MISCELLANEOUS**

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**15.    FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that

the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

**16.** **VIOLATION OF ORDER**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**17.** **AGREEMENT TO BE BOUND**

Notwithstanding whether this Stipulation becomes an order of the Court or is modified by the Court, the parties hereto agree to be bound by the terms of this Stipulation.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  August 11, 2025                    **THE HAMIDEH FIRM, P.C.**


By: */s/ Bassil A. Hamideh*
BASSIL A. HAMIDEH
JORDAN A. GONZALES

*Attorneys for Plaintiff*
*RAMON BARRY*

1    Dated:   August 11, 2025              **DLA PIPER LLP (US)**

2

3                                         By: */s/ Tanya L. Greene*
                                          TANYA L. GREENE
4                                         NORMAN M. LEON

5                                         *Attorneys for Defendant*
                                          *HILTON MANAGEMENT LLC.*
6

7    **IT IS SO ORDERED**.

8

9
     Dated:    08/13/2025
10                                        MICHAEL B. KAUFMAN
                                          UNITED STATES MAGISTRATE JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED AND [PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

RAMON BARRY, individually,

        Plaintiff,

   v.

HILTON MANAGEMENT LLC, et al.,

        Defendants.

CASE NO. 2:25-cv-1990 DSF-MBK

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, declare and say that:

   1.   I am employed as _____ by _____.

   2.   I have read in its entirety and understand the Stipulated Protective Order (the "Order") entered in *Ramon Barry v. Hilton Management LLC*, Case No. 2:25-cv-1990 DSF-MBK, and have received a copy of the Order.

   3.   I promise that I will use any and all "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, as defined in the Order, given to me only in a manner authorized by the Order and only to assist Counsel in the litigation of this matter.

   4.   I promise that I will not disclose or discuss such "Confidential" or "Highly Confidential – Attorneys" information with anyone other than the persons described in paragraphs 9.3 and 9.4 of the Order.

   5.   I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to the enforcement of the Order.

1

6.      I understand that any disclosure or use of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7.      I will return all "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Materials.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____                    _____
                                           Signature

STIPULATED AND [PROPOSED] PROTECTIVE ORDER